UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20373
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES OSCAR COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-4161)
_____

January 24, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James Oscar Cooper, *pro se*, appeals the denial of his motion for relief under 28 U.S.C. § 2255. He contends that the indictment was defective for want of a "True Bill", and because it was signed by an Assistant United States Attorney. He contends further that he received ineffective assistance of counsel at trial and on appeal because, *inter alia*, counsel failed to challenge the indictment and relied on unauthoritative and inapposite case law.[1]

---

[*]   Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]   In the conclusion of his brief, Cooper seems to assert a double jeopardy claim, contending that, "[t]o the extent that prior to obtaining the questioned criminal indictment here, if any, the appellee ordered Cooper's property forfeited in connection with the

We have reviewed Cooper's contentions and the record, and find no reversible error. The district court's denial of § 2255 relief is, therefore,

**AFFIRMED.**

---

instant illegal criminal arrest and prosecution, pursuant to Title 21 U.S.C. § 881(a)(7) ..., entered before the instant criminal trial and sentence, mandates Cooper's release from prison under the findings in <u>May v. United States</u>, No. A-95 CA 263 SS (W.D. Tex. Austin, 1995)". Because this claim was not included in Cooper's § 2255 motion, we will not consider it here.